IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30142
Conference Calendar
_____

WALTER SMITH,

                                        Plaintiff-Appellant,

versus

JAMES SAMPLES,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 94-CV-1356
- - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

      Louisiana state prisoner Walter Smith filed a pro se, in forma pauperis complaint alleging an Eighth Amendment violation because he was denied his evening meal on one occasion.  The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d).

      This court reviews a prisoner's allegations challenging the conditions of confinement under the "deliberate indifference" standard.  Wilson v. Seiter, 501 U.S. 294, 303 (1991).

---

      [*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Conditions of confinement which do not lead to deprivations of essential food, medical care, or sanitation do not amount to an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). The denial of a single meal due to inadvertence or even neglect does not rise to the level of deprivation of essential food and is insufficient to allege a cognizable Eighth Amendment claim.

A party is permitted to amend his pleadings once as a matter of right before a responsive pleading is filed. See Fed. R. Civ. P. 15(a); McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979). The defendants were not served and no responsive pleading was filed and, therefore, under Rule 15(a) Smith was not required to seek leave of court to amend. This court, however, cannot review the denial of Smith's unnecessary motion to amend because Smith did not appeal the magistrate judge's denial of the motion to the district court. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

In his amended complaint Smith alleged he was again denied an evening meal. An additional missed meal, six months later, is insufficient to rise to the level of a constitutional claim.

APPEAL DISMISSED AS FRIVOLOUS. See 5th Cir. R. 42.2. Smith is warned that filing further frivolous appeals will result in imposition of sanctions.